# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LORIE GRIFFIN, | ) |
|     Plaintiff, | ) No. 17 C 8149 |
| v. | ) Magistrate Judge M. David Weisman |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Lorie Griffin appeals the Social Security Administration's ("SSA's") decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the SSA's decision.

### Background

Plaintiff filed an application for benefits on September 5, 2013 alleging a disability onset date of January 31, 2013. (R. 123, 154.) Her application was denied initially on February 7, 2014 and again on reconsideration on September 22, 2014. (R. 154, 171.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 8, 2016. (R. 89-122.) On October 26, 2016, the ALJ issued a decision denying plaintiff's application. (R. 45-55.) The Appeals Council denied review (R. 1-4), leaving the ALJ's decision as the final decision of the SSA. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the SSA to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date, January 31, 2013. (R. 47.) At step two, the ALJ determined that plaintiff had the severe impairments of "obstructive sleep apnea moderate; obesity; status colostomy reversal; diabetes; osteoarthritis; hypertension; gastritis; hyperlipidemia; status post perforated diverticulitis; small vessel disease below the knee and status post right hallux[1] exostectomy."[2] (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 50.) At step four, the ALJ found that plaintiff was unable to perform any past relevant work (R. 53) but retains the residual functional capacity ("RFC") to:

> [P]erform light work . . . except [she] can never use foot controls; never climb ladders, ropes or scaffolds; never kneel or crawl; occasionally crouch, stoop, balance and climb ramps and stairs; frequently bilateral handle, feel and finger; no exposure to moving mechanical heights and unprotected heights and occasional exposure to irritants, such as fumes, odors, dusts, gases and poorly ventilated areas.

(R. 50.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 54-55.)

Plaintiff contests the ALJ's determination that plaintiff can perform light work, which is defined as work that:

> [I]nvolves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. . . .

---

[1] Hallux is the big toe. hallux, *Dorland's Illustrated Medical Dictionary* (32d ed.).
[2] An exostectomy is the excision of an exostosis, *i.e.*, "a benign bony growth projecting outward from the surface of a bone." exostectomy, exostosis, *Dorland's Illustrated Medical Dictionary* (32d ed.).

20 C.F.R. § 404.1567(b). Plaintiff argues that the record does not show that she satisfies the walking and standing requirements for light work. The Court agrees.

As the ALJ acknowledged, in April 2016 plaintiff's doctors diagnosed her with small vessel disease below the knee, *i.e.*, a narrowing of the vessels that carry blood to the legs, https://www.mayoclinic.org/diseases-conditions/peripheral-artery-disease/symptoms-causes/syc-20350557 (last visited June 18, 2018), and claudication, *i.e.*, pain in the legs caused by too little blood flow, https://www.mayoclinic.org/diseases-conditions/claudication/symptoms-causes/syc-20370952 (last visited June 18, 2018). (R. 53; *see* R. 17-20, 28-29, 905.) Further, the record shows that, even before plaintiff received these diagnoses, the physical consultative examiner ("CE") noted that plaintiff had "an abnormal gait," and "mild difficulty with toe and heel walk, squat and rise and tandem gait," and the psychological CE noted that plaintiff "is able to move about on her own recognizance . . . but very slowly and in obvious pain." (R. 570, 586.) Consistent with these diagnoses and observations, plaintiff testified that she struggles to move her legs after descending just a few stairs, she "can't move [her legs and feet] when the pain comes," she can only stand for "like five minutes" at a time, and she stopped driving because of the pain in her legs. (R. 97, 109.)

Given that the RFC requires plaintiff to do "a good deal of walking or standing" (*see* R. 50), 20 C.F.R. § 404.1567(b), the ALJ must not have credited plaintiff's testimony about her symptoms. But he did not explain why he rejected her testimony[3] or how it was inconsistent with the medical evidence, relying instead on "meaningless boilerplate" to express his symptom evaluation. (R. 51); *see Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010). That was reversible

---

[3] To the extent the ALJ found plaintiff's testimony to be inconsistent with the agency reviewer's opinions, to which he gave "great weight" (R. 53), the Court notes that those opinions pre-dated plaintiff's receipt of the claudication and small vessel disease diagnoses. (*See* 17-18, 28-29, 127-37, 142-52.)

error. *See* SSR 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017) ("We will explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions."); *Cf. Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) ("We will uphold an ALJ's credibility determination if the ALJ gave specific reasons for the finding that are supported by substantial evidence.").[4]

## Conclusion

For the reasons set forth above, the Court grant's plaintiff's motion for summary judgment [19], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  **ENTERED: July 17, 2018**

_M. David Weisman_

**M. David Weisman**
**United States Magistrate Judge**

---

[4] Because this issue is reversible error, the Court does not address plaintiff's alternate argument that the ALJ wrongly concluded that she can fulfill the lifting/carrying requirements of the RFC.